**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**LAUREL RUBIN,**

                    **Plaintiff,**　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATIONS**

              **-against-**　　　　　　　　　　　　**20-CV-1702 (RPK)**

**JOHN GALLI,**

                    **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On April 6, 2020, preferring not to have to defend himself in state court, defendant John Galli ("defendant") removed this action to federal court, citing diversity jurisdiction as the predicate for removal. See Notice of Removal (April 6, 2020) ("Notice"), ¶ Third, Electronic Case Filing Docket Entry ("DE") #1. Defendant's Notice of Removal was deficient in several respects, as noted by this Court, see Order (Apr. 7, 2020), DE #6, and, in the weeks that followed, defendant has supplemented his Notice of Removal, see Letter-Motion (Apr. 10, 2020) ("4/10/20 Letter-Motion"), DE #7, and has taken inconsistent positions regarding the legal ramifications of plaintiff's pre-litigation settlement demand.[1]

The Court need not determine whether defendant has satisfied the amount-in-controversy prerequisite (and thus, the basis for subject matter jurisdiction) or whether removal was timely,

---

[1] Defendant initially cited the pre-litigation settlement demand as establishing the requite amount in controversy for purposes of removing the case to federal court on April 6, 2020. See Notice, ¶ Fourth. However, after the Court was advised that defendant had been served on January 20, 2020, see 4/10/20 Letter-Motion - a fact omitted from the Notice of Removal - the Court issued an Order to Show Cause why the case should not be remanded as having been removed well outside the 30-day window prescribed under 28 U.S.C. § 1446, see Order to Show Cause (Apr. 15, 2020), DE #9; defendant then shifted position, arguing that plaintiff's pre-litigation demand did *not* start the running of the 30-day clock, see Response to Order to Show Cause (Apr. 17, 2020) at 4-5, DE #10.

inasmuch as this case should be remanded on a separate ground. Where subject matter jurisdiction is based on diversity of citizenship, "the forum defendant rule applies." See Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704 (2d Cir. 2019) (quoting Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2019)). Under that rule, as provided in 28 U.S.C. § 1441(b)(2), an action that is "'otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Gibbons, 919 F.3d at 704-05 (quoting 28 U.S.C. § 1441(b)(2)). A district court may, within 30 days of the filing of the notice of removal, order remand *sua sponte* based on such a procedural defect. See Martha Barotz 2006-1 Insurance Trust v. Barotz, 20-CV-02605 (PMH), 2020 WL 1819942, at *1 n.1 (S.D.N.Y. Apr. 10, 2020) (citation omitted).

Here, it is undisputed that the removing defendant is a citizen of New York. See Notice, ¶ Third. Therefore, since defendant is a citizen of the state in which the action was brought, this Court recommends that this action be remanded to state court because the forum defendant rule bars removal of this action.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County.

Any objections to this Report and Recommendation must be filed with the Honorable Rachel P. Kovner on or before **May 1, 2020**. See Hispanic Counseling Ctr., Inc. v. Incorporated Village of Hempstead, 237 F.Supp.2d 284, 289-90 (E.D.N.Y. 2002) (holding that period for filing objections to a report and recommendation "may be shortened where exigencies exist").

Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

       **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **April 24, 2020**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**